IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE XAVIER PEREZ, | : | Civil No. 3:22-cv-55 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN OF SCI-HUNTINGDON, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

FILED
SCRANTON
OCT 2 1 2022
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner Terrance Perez ("Perez") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Lycoming County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will deny the petition.

I. **Background**

Perez was charged with criminal homicide, criminal conspiracy—homicide, persons not to possess firearms, and related offenses. *Commonwealth v. Perez*, No. CP-41-CR-0001046-2015 (Pa. Ct. Com. Pl. Lycoming Cty.). On November 1, 2016, a jury found Perez guilty of first-degree murder, criminal conspiracy to commit homicide, and related charges. *Id.* The persons not to possess firearms charge was severed before trial and the trial court subsequently found Perez guilty of persons not to possess firearms. *Id.* On November 1, 2016, the trial court sentenced Perez to life imprisonment without the possibility of parole

and consecutive sentences aggregating to an additional twenty-five to fifty years' incarceration. *Id.* Perez filed post-sentence motions which were denied. *Id.*

Perez filed a timely direct appeal. *Commonwealth v. Perez*, 486 MDA 2017 (Pa. Super.). On direct appeal, Perez raised the following issues:

> I. Did the trial court err by permitting Agent Kontz to testify, over defense objection[,] that after having involved several police agencies in the investigation, interviewed more than 50 witnesses[,] and logged 344 pieces of evidence, no evidence pointed to any person other than [Appellant] as being the trigger person?
>
> II. Did the trial court err by not requiring the Commonwealth to redact portions of [Appellant's] statement where the officers confronted him with statements of a co[-]conspirator who did not testify and was not joined for trial?
>
> III. Did the trial court erred [sic] by permitting the Commonwealth to completely reiterate ... Berrones'[s] trial testimony through use of prior consistent statements elicited at the preliminary hearing?
>
> IV. Did [the] trial court err by permitting the Commonwealth to admit a phone call from [Appellant] to his step-mother[,] while he was incarcerated[,] . . . where she said "Well I hope you learned your lesson. You always wipe your shit off;" the [Appellant] responded: "I been doing that."
>
> V. Did the trial court err by permitting the Commonwealth to introduce at trial portions of letters that [Appellant] wrote to his girlfriend, Kirsten Sedlock?
>
> VI. Did the trial court err by refusing to permit [Appellant] to question the cooperating [c]o-defendant, . . . Berrones, about his plea negotiations, including that he rejected a 15 to 40 year agreement, and the Commonwealth thereafter agree [sic] to a 12 years minimum?

2

> VII. Did the trial court abuse its discretion by sentencing [Appellant] to 25 to [5]0 years[,] consecutive to the mandatory life sentence[,] for conspiracy and person not to possess a firearm?

*Commonwealth v. Perez*, 2018 WL 6240633, *4-5 (Pa. Super. Nov. 29, 2018). On November 29, 2018, the Pennsylvania Superior Court affirmed the judgment of sentence. *Id.* Perez filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Perez*, 854 MAL 2018, 651 Pa. 599, 206 A.3d 1028 (Table) (Pa. 2019). On April 17, 2019, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Id.*

On August 23, 2019, Perez filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. *See Commonwealth v. Perez*, 2021 WL 856133, *2 (Pa. Super. March 8, 2021). Counsel was subsequently appointed to represent Perez, who filed an amended PCRA petition setting forth a claim of ineffective assistance of trial counsel for failure to preserve Perez's claim of improperly admitted evidence. *See id.* On July 6, 2020, the PCRA court held an evidentiary hearing. *See id.* On July 24, 2020, following the hearing, the PCRA court denied the petition. *See id.* Perez filed an appeal to the Pennsylvania Superior Court. *See id.* On appeal, Perez raised one issue: "[w]hether the [PCRA] court erred in failing to grant a claim of ineffectiveness of counsel when counsel was ineffective for waiving [Perez]'s right to appeal the admission of inadmissible evidence." *Id.* at *4. On March 8, 2021, the Pennsylvania Superior Court affirmed the decision of the PCRA court. *Id.* Perez filed a

3

petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Perez*, 177 MAL 2021, 259 A.3d 882 (Table) (Pa.). On July 27, 2021, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Id.*

Perez then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II. Habeas Claims Presented for Federal Review

Perez seeks habeas relief based on the following grounds:

A. Ground One: Ineffective assistance of counsel for failure to impeach the credibility of a key prosecution witness.

B. Ground Two: Ineffective assistance of counsel for failure to impeach an eyewitness with contradictions between her trial testimony and statements to police.

C. Ground Three: Violation of due process by the trial judge during jury instructions.

D. Ground Four: A constitutional violation by the trial judge for failing to apply "rebuttable presumption of prejudice" in a claim of alleged juror misconduct.

(Doc. 1).

## III. Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439

4

(1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A.   Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[1] Respect for the state court system requires that the

---

[1]   In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

### B.  Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[2]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

---

[2] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

8

## IV. Discussion

To properly exhaust his state remedies, Perez was required to fairly present his claims to the state court, either on direct appeal or by collateral review. *See Castille*, 489 U.S. at 349-50; *Blasi v. Attorney General of Pa.*, 30 F. Supp. 2d 481, 487 (M.D. Pa. 1998). As outlined above, Perez raised seven issues on direct appeal. *See Commonwealth v. Perez*, 2018 WL 6240633, at *4-5. Six issues of those issues related to the trial court's authority to admit or exclude evidence, and the seventh issue challenged the discretionary aspects of Perez's sentence by claiming that the trial court abused its discretion. *See id*. With respect to Perez's PCRA petition, the Pennsylvania Superior Court noted that Perez only raised "one issue" on collateral review: "[w]hether the [PCRA] court erred in failing to grant a claim of ineffectiveness of counsel when counsel was ineffective for waiving [Perez]'s right to appeal the admission of inadmissible evidence." *Commonwealth v. Perez*, 2021 WL 856133, at *4. It is quite clear that Perez failed to raise any of his present claims—two ineffective assistance of counsel claims regarding failure to impeach witnesses, a due process violation by the trial judge regarding jury instructions, and a constitutional violation by the trial judge related to juror misconduct—in his direct appeal or in his PCRA petition.

The failure to properly present claims to the state court generally results in a procedural default. *Lines v. Larkin*, 208 F.3d 153, 150-60 (3d Cir. 2000). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state

9

procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. § 2254(b). In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)." *McCandless*, 172 F.3d at 260.

To demonstrate "cause" for a procedural default, a petitioner must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993).

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at

496. A petitioner establishes actual innocence by asserting "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

Perez concedes that he did not raise his present federal habeas claims in the state court proceedings. (Doc. 1, pp. 5-11). He fails to identify some objective external factor which prevented him from complying with the state's procedural rules in presenting these claims, and he does not demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law.[3] Nor is there any argument or indication that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Instead, Perez asserts that he discovered these purported errors when he recently reviewed the trial transcripts. (Doc. 1, pp. 5-11). The Court notes that Perez's trial was conducted in October of 2016 and the trial transcripts were generated on April 11, 2017. *See Commonwealth v. Perez*, No. CP-41-CR-0001046-2015. He presumably had several years to access and review his trial

---

[3] Perez does not invoke *Martinez v. Ryan*, 566 U.S. 1, 12, 16-17 (2012). *Martinez* holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. To successfully invoke the *Martinez* exception, a petitioner must satisfy two factors: that the underlying, otherwise defaulted, claim of ineffective assistance of trial counsel is "substantial," meaning that it has "some merit," *id.* at 14; and that petitioner had "no counsel" or "ineffective" counsel during the initial phase of the state collateral review proceeding. *Id.* at 17; *see also Glenn v. Wynder*, 743 F.3d 402, 410 (3d Cir. 2014). Perez does not assert that PCRA counsel was ineffective during the initial phase of the PCRA proceedings.

transcripts. Federal review of the instant claims is therefore foreclosed.

Furthermore, any attempt by Perez to exhaust his state remedies at this time would be futile because these claims are procedurally defaulted due to waiver of the claims and expiration of the PCRA statute of limitations. See 42 PA. CONS. STAT. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. § 9545(b) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"). Because Perez is in procedural default for failing to comply with the state filing requirements, the merits of his claims need not be considered here. See Coleman, 501 U.S. at 750.

## V.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Perez fails to demonstrate that a certificate of appealability should issue.

## VI.  Conclusion

The Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October 21, 2022